THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KATHY BUSHFIELD, *et al.*,

                    Plaintiffs,

          v.

C.R. BARD, INC.,

                    Defendant.

CASE NO. C19-1626-JCC

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

This matter comes before the Court on the parties' stipulated motion to: (1) allow each party to disclose up to six experts (rather than five, as allowed in the MDL) and (2) extend the discovery deadline to allow for additional time to complete expert discovery (Dkt. No. 90). Having thoroughly considered the parties' motion and the relevant record, the Court GRANTS in part and DENIES in part the motion, and ORDERS supplemental briefing as described below.

This matter was transferred to the Court in September 2019 from an MDL in the United States District Court for the Southern District of West Virginia. (Dkt. No. 47.) After the case was assigned to the undersigned, the Court held a status conference on February 11, 2020 and issued a scheduling order setting trial for April 12, 2021, the discovery deadline for 120 days before trial, and the dispositive motions deadline for 90 days before trial. (Dkt. No. 76.) In January

2021, the Court granted the parties' stipulated motion to extend those deadlines by 60 days, continuing trial until June 14, 2021, the discovery deadline until February 10, 2021, and the dispositive motions deadline until March 12, 2021. (Dkt. No. 88.)

The day before the discovery deadline, the parties moved to extend the deadline for the parties to disclose additional expert witnesses until March 12, 2021, extend the expert discovery deadline until April 1, 2021, and extend the deadline to file *Daubert* motions until April 23, 2021. (Dkt. No. 90 at 5.) The parties also moved for leave to serve six expert reports per side, rather than five reports, as allowed in the MDL. (*Id.* at 3.)

### A.  Number of Expert Witnesses

Prior to transfer, the MDL court limited the parties to five expert witnesses per side.[1] (Dkt. No. 6 at 4.) After the case was transferred to this Court, the parties agreed that they would likely need to call additional expert witnesses to testify about the specimens resulting from Ms. Bushfield's November 2019 surgery to explant the device that is the subject of this litigation. (Dkt. No. 71 at 2.) The parties now seek leave to amend the Discovery Plan to allow for six expert witnesses per side and to allow them to "supplement existing expert witness disclosures and reports" and possibly depose those witnesses regarding their supplemental conclusions. (Dkt. No. 90 at 6.) Having considered the parties' briefing and the relevant record and finding good cause, the Court GRANTS the motion and ORDERS that the final paragraph of Section 4(B)(i) of the Discovery Plan (Dkt. No. 71) is STRICKEN and REPLACED with the following:

> With respect to expert discovery, the Parties agree that they likely will need to supplement existing expert witness disclosures and reports and/or disclose new expert witnesses and serve new expert reports. The Parties agree that each Party shall be permitted to supplement their existing disclosures and reports of each Party's respective expert witnesses in accordance with Rule

---

[1] Although Pretrial Order # 275 refers to "no more than five experts per case," the parties and the MDL court appear to have interpreted that language to allow five experts *per side* per case, for a total of ten experts per case. (*See* Dkt. No. 90 at 2 ("The parties *each* disclosed five (5) retained expert witnesses.") (emphasis added); *see also* Dkt. No. 17 at 3 n.6 ("Plaintiffs who have already properly disclosed their five (5) experts need not re-serve their expert disclosures.").)

26(e). If an existing expert witness is deposed a second time or was not deposed while the case was pending in the MDL, the deposition shall be limited to the expert's supplemental opinions; the deposition shall not address the expert's prior case-specific opinions or the expert's general opinions, if any. Unless specifically agreed to by the Parties or otherwise ordered by the Court for good cause shown, the Parties further agree that each Party shall be permitted to disclose, and serve a report for, a total of six (6) expert witnesses.

The Court ORDERS the parties to comply with the paragraph above. However, nothing in this order shall relieve the parties from their obligation to comply with Local Civil Rule 43(j), which prohibits a party from calling "more than one expert witness on any subject."

**B. Case Schedule**

Following the February 11, 2020 status conference, the Court issued a scheduling order setting trial for April 12, 2021, the discovery deadline for 120 days before trial, and the dispositive motions deadline for 90 days before trial. (Dkt. No. 76.) In January 2021, the Court granted the parties' stipulated motion to extend those deadlines by 60 days, scheduling trial for June 14, 2021, the discovery deadline for February 10, 2021, and the dispositive motions deadline for March 12, 2021. (Dkt. No. 88.)

The parties now move to extend the deadline for the parties to disclose additional expert witnesses to March 12, 2021, extend the expert discovery deadline to April 1, 2021, and extend the deadline to file *Daubert* motions to April 23, 2021. (Dkt. No. 90 at 5.) Having considered the parties' briefing and the relevant record and finding good cause, the Court GRANTS the parties' motion to extend the deadline to disclose additional expert witnesses until March 12, 2021 and DENIES the remainder of the motion for the reasons described below.

The Court requires discovery—including expert discovery—to be completed 120 days before trial so that the parties can file dispositive motions (and *Daubert* motions[2]) 90 days before trial. This is to allow the parties time to fully brief the motions and the Court to decide them

---

[2] Local Civil Rule 16(b)(4) requires parties to file *Daubert* motions by the deadline for filing dispositive motions.

1    sufficiently in advance of trial. *See* Chambers Procedures, https://www.wawd.uscourts.gov/

2    judges/coughenour-procedures. The Court does "not decrease the amount of time between the

3    dispositive motion cutoff date and the trial date unless the parties set forth an extraordinary basis

4    for doing so." *Id.*

5           The parties request that the Court extend the *Daubert* motions deadline until April 23,

6    2021, meaning the motions would not be fully briefed until May 14, 2021, just 30 days before

7    trial. This does not leave the Court enough time to decide the motions sufficiently in advance of

8    trial, particularly in this case, which is likely to involve twelve expert witnesses. Further, it is not

9    clear whether the supplemental expert disclosures will affect the previously filed *Daubert* and

10   dispositive motions, whether the parties request that the Court extend the deadline for filing

11   *Daubert* motions related to expert witnesses who will provide supplemental opinions, or whether

12   the parties also request that the Court extend the dispositive motions deadline to account for the

13   supplemental opinions.

14          Accordingly, the Court DENIES the remainder of the parties' motion without prejudice,

15   VACATES the March 12, 2021 dispositive motions deadline *sua sponte*, and ORDERS the

16   parties to file a joint status report within 14 days of the date of this order addressing the

17   following:

18        1.  Whether the Court should continue the trial and, if so, when the Court should
19            schedule it. In proposing a trial date, the parties should be aware that the Court will
              likely need to prioritize criminal trials when the courthouse reopens.
20
21        2.  When the Court should set the expert discovery deadline and the dispositive
              motions/*Daubert* motions deadline. Although 90 days between the motions deadline
22            and trial is generally sufficient, given the unusually high number of experts in this
              case, the Court finds that 120 days between the motions deadline and trial will be
23            necessary.

24        3.  The status of each motion identified in Section 5(F) of the parties' Joint Status Report
              (Dkt. No. 71), including: (1) whether the motion is moot, (2) whether the motion will
25            need to be updated or revised in light of events that occurred or will occur after it was
              filed, and (3) whether the motion is fully briefed and is ready for the Court's
26            consideration.

MINUTE ORDER
C19-1626-JCC
PAGE - 4

DATED this 2nd day of March 2021.

William M. McCool
Clerk of Court

s/Paula McNabb
Deputy Clerk